IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOPHIE KOSTOMITE aka | : | CIVIL ACTION |
| SOPHIE TEETSEL | : | |
|     Plaintiff, | : | |
|     v. | : | NO. 2:24-cv-04473-GAW |
| FIDELITY INVESTMENTS, ET AL. | : | |
|     Defendants. | : | |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT LEE TEETSEL'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This action arises under the Employment Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. §§ 1001, *et seq.*, and more particularly Sections 1132(a)(1)(B) and 1132(a)(3) thereof. [Plaintiff's Complaint, ECF 1, ¶ 1]. By virtue of his employment, Bill Teetsel, now deceased, was a participant in his employer's 401(k) & Profit Sharing Plan ("The Plan"). [Plaintiff's Statement Of Undisputed Facts, ECF 32-2, ¶¶ 1-2]. The Plan administration records establish that Bill Teetsel designated "Sophie Teetsel" as the beneficiary. [Plaintiff's Statement Of Undisputed Facts, ECF 32-2, ¶ 13]. The Plan records contain Plaintiff Sophie Kostomite's (aka Sophie Teetsel) date of birth and social security number that are identical to her Pennsylvania State Identification and Social Security Card. [Plaintiff's Statement Of Undisputed Facts, ECF 32-2, ¶ 14].

On August 22, 2025, Plaintiff filed a Motion for Summary Judgment with an accompanying Statement of Undisputed Facts and Memorandum of Law, asserting that she, as the designated beneficiary, is entitled to the value of The Plan and that there are no genuine issues of material fact. [ECF 32, 32-2 and 32-10].

On September 9, 2025, Defendant Lee Teetsel filed a Brief in opposition to Plaintiff's Motion for Summary Judgment. [Lee Teetsel's Brief, ECF 35]. Although his

Brief is disorganized, he seemingly makes two arguments in an attempt to argue that there are genuine issues of material fact.

First, Lee Teetsel argues that Plaintiff "asks the Court to disregard the underlying plan's requirements that the beneficiaries be properly identified based on the fact that [Ms.] Kostomite has managed to produce entrance cards to a pool where her and the deceased were members of which identified her as Sophie '[Teetsel]'." [Lee Teetsel's Brief, ECF 35, page 4]. This fact-based assertion not only fails to cite any record facts, but is incorrect and distorts Plaintiff's argument. Plaintiff asserts that Bill Teetsel "substantially complied" with The Plan's requirements and had the intention of designating Plaintiff as The Plan's beneficiary. [Plaintiff's Memorandum of Law, ECF 32-10, pages 6-9]. This intention is evidenced in the record by Bill Teetsel's identification of Sophie "Teetsel" as The Plan's beneficiary "**together with the correct date of birth AND social security number of Ms. Kostomite.**" [Plaintiff's Memorandum of Law, ECF 32-10, pages 7-8 (emphasis added)]. Bill Teetsel listing Plaintiff Sophie Kostomite's correct date of birth and social security number is unimpeachable evidence that he intended to designate Plaintiff as The Plan's beneficiary. **Lee Teetsel conspicuously avoids this crucial evidence in his Brief**. [Lee Teetsel's Brief, ECF 35]. Moreover, Plaintiff references her pool membership cards simply to demonstrate that Plaintiff used the alias "Sophie Teetsel" before Bill Teetsel completed The Plan's beneficiary designation form directing "Sophie Teetsel" as intended beneficiary. [Plaintiff's Memorandum of Law, ECF 32-10, page 8].

Second, Lee Teetsel argues that Bill Teetsel may have "identified Sophie Teetsel, as a qualifier, a requirement, i.e., that the two would need to be married for Sophie

Kostomite to be entitled to the benefits at issue." [Lee Teetsel's Brief, ECF 35, page 4]. Like the balance of his opposition, Lee Teetsel does not reference any record facts to support this argument. Lee Teetsel does not cite any common law supporting this fabricated, albeit creative, argument. Indeed, Lee Teetsel does not, because he cannot support this huge leap based on multiple factual contingencies with any facts, no less record facts.

Accordingly, Plaintiff demonstrates that she, as the designated beneficiary, is entitled to the value of The Plan. Bill Teetsel's intent remains clear. Despite having the opportunity to marshal facts to disturb the record facts in this case confirming Bill Teetsel's intent, Lee Teetsel fails to raise any genuine issues of material fact.

**WHEREFORE**, Sophie Kostomite aka Sophie Teetsel respectfully requests that this Court grant summary judgment in her favor on Count I of her Complaint and direct the registry of the Court to release the funds to her.

Respectfully submitted,

**THE WEITZ FIRM LLC**

BY:     */s Eric H. Weitz*
         Eric H. Weitz, Esquire
         PA ID 65514
         1515 Market Street, Suite 1100
         Philadelphia, Pennsylvania 19102
         267-587-6240
         eric.weitz@theweitzfirm.com

**THE LAW OFFICE OF**
**ROBERT KATZ**
Robert Katz, Esquire
PA ID 45016

                                                             P.O. Box 1413
                                                           Havertown, Pennsylvania 19083
                                                           610-789-3240
                                                           robert.katz@robertkatzlaw.com

                                                           Attorneys for Plaintiff

Dated: September 26, 2025

**CERTIFICATE OF SERVICE**

I certify that on the date below I caused to be served the foregoing paper as follows:

Thomas E. Wyler, Esquire
FALZONE & WYLER LLC
22 E. Third Street
Media, Pennsylvania 19063
twyler@wylerllc.com
*Counsel for Defendant Lee Teetsel, Executor of the Estate of Bill Teetsel*

**THE WEITZ FIRM LLC**

*/s Eric H. Weitz*
Eric H. Weitz, Esquire
PA ID 65514
1515 Market Street, Suite 1100
Philadelphia, Pennsylvania 19102
267-587-6240
eric.weitz@theweitzfirm.com

Dated: September 26, 2025