IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SOPHIE KOSTOMITE** | : | |
| | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **KIMBERLY-CLARK CORP., ET. AL.** | : | |
| | : | **NO. 24-4473** |
| Defendants. | : | |

## OPINION

There are occasions during which this Court is called upon to make difficult determinations of law and fact. Determinations which resolve a close call and which require deep and thoughtful analysis. Conversely, sometimes a case comes to this Court whose result is so obvious from the outset, it is puzzling as to how we arrived at a point where the judicial power of the United States is required to resolve it. This case lies squarely in the second category.

The decedent, Bill Teestel (the "Decedent") worked for Kimberly-Clark Corporation ("Kimberly-Clark"), which provided him with, a 401(k) & Profit Sharing Plan (the "Plan"). (Dkt. #32-2 at ¶ 1).[1] It is undisputed that, for the last twenty years,

---

[1] This Court cites to Plaintiff's Statement of Undisputed Facts as well as Defendant's Counter-Statement of Facts. This Court's published Guidelines prohibit the filing of unilateral statements of fact, as such statements are rarely helpful. That is especially true where, as here, the party opposing summary judgment does not respond line by line to the movant's statement. This Court has undertaken the task to compare the parties' filings. Where possible, this Court relies on Defendant's Counter-Statement of Facts, to which Defendant can be fairly held at this juncture. Where the Court relies on Plaintiff's Statement, it is only after the Court's examination of the record concludes there is no genuine issue of fact as to the assertion for which it is cited.

1

Plaintiff/Interpleader Claimant Sophie Kostomite ("Plaintiff") has been the long-time romantic partner of the Decedent. (Dkt. #32-2 at ¶¶ 10-11). Plaintiff resided with the Decedent for many years, but never married. (Dkt. #32-2 at ¶ 10; Dkt. #35 at 2, ¶¶ 5-6). The Plan permitted its participating members to name a beneficiary; crucially, an employee could only make that designation if they were not married. (Dkt. #35 at 2, ¶ 8). If a decedent was married, the Plan funds would automatically be distributed to their spouse, even if a different designee was named. (Dkt. #35 at 2, ¶¶ 8-9).

The Decedent in this case did indeed name a beneficiary. The Parties agree that as a beneficiary, Decedent named "Sophie Teetsel." (Dkt. #32 at Ex. E, Dkt. #35 at 2, ¶ 7). The unredacted sealed version of these documents shows that Sophie Teetsel was identified by social security number and date of birth under the Plan, and those identifiers were identical to those of Plaintiff. (Dkt. #32 at Ex. E, F). Since at least 2008, Plaintiff has been holding herself out as Sophie Teetsel, at least with respect to her membership in a local swim club. (Dkt. #32 at Ex. G).

Plaintiff sued Kimberly-Clarke, which initially refused to tender the Plan's proceeds to her. (Dkt. #1). Kimberly-Clarke brought Defendant/Interpleader Claimant the Estate of Bill Teetsel (the "Defendant") into this case via interpleader in order to determine who is the proper recipient of the funds. (Dkt. #10). Following an unopposed motion, Kimberly-Clarke deposited the amount in contest to the Registry of the Court to await its disposition by way of this litigation. (*See* Dkt. #34).

Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving

party is entitled to judgment as a matter of law. *Tse v. Ventana Med. Sys., Inc.*, 297 F.3d 210, 218 (3d Cir. 2002). This Court "must view the facts in the light most favorable to the non-moving party" and make every reasonable inference in that party's favor. *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). After drawing those inferences, the relevant inquiry is "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Genuine issues of material fact refer to any reasonable disagreement over an outcome-determinative fact." *In re Energy Future Holdings Corp.*, 990 F.3d 728, 737 (3d Cir. 2021). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Liberty Lobby*, 477 U.S. at 252. "Although the non-moving party receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). "In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *See id.* (*citing Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109–10 (3d Cir. 1985). Importantly, where the factual context renders a respondent's claim implausible, that respondent has an obligation to provide more persuasive evidence

than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

ERISA requires plans to distribute funds "in accordance with the documents and instruments governing the plan. . . ." 29 U.S.C. § 1104(a)(1)(D). Where the plan is ambiguous, courts in the Third Circuit apply a rule of substantial compliance. *Teachers Ins. and Annuity Ass'n of America v. Bernardo,* 683 F.Supp.2d 352 (E.D. Pa 2010) (*citing Metro. Life Ins. Co. v. Kubichek*, 83 F. App'x 425, 429 (3d Cir. 2003)).

This Court finds it inescapably obvious that the Decedent intended to name Plaintiff the recipient of the Plan's proceeds. The use of her social security number and birth date makes it entirely unambiguous that the Decedent intended the Plan's funds to go to Plaintiff. That misuse of the last name Teetsel creates virtually no ambiguity in the face of that corroboration. The only logical conclusion that can be drawn from this set of facts is that the Decedent, in his own mind, thought of Plaintiff as his spouse and referred to her as having his name. This is particularly true in light of the record evidence which shows that Plaintiff at least sometimes used Teetsel as her last name, and that she and Decedent were live-in romantic partners across decades. There is no other reasonable way to understand that beneficiary designation, and no reasonable jury could conclude otherwise.

Defendant argues that "Plaintiff has put forth the argument that the beneficiary forms where [*sic*] confusing" and that Plaintiff "produced no evidence to suggest that the forms at issue where [*sic*] misleading or confusing beyond their [*sic*] assertion that they were and that this is the most probable explanation for the

beneficiary designation and urge [*sic*] the Court to overlook the designation. . . .” (Dkt. #35 at 4). Defendant's argument, if credited, would essentially impute a typo-level degree of scrutiny upon beneficiary designations. Considering the obvious and undeniable fact that Plaintiff has been identified as the beneficiary by way of her social security number and date of birth as well as the plausible (but technically incorrect) recitation of her name, the only rational rule which could exclude her is one that requires exact precision in spelling a beneficiary's name. Defendant cites to no authority for that principle, and that sort of rule would frustrate the basic purpose of ERISA, which is to ensure that a fund like the Plan is administered fairly and consistently with the intent of its participants.

Defendant fancifully offers an alternative explanation for the naming of Sophie Teetsel. Defendant argues that it is possible that this identification was meant to be "a qualifier, a requirement" that in order to receive the funds, the Decedent and Plaintiff needed to be married. (Dkt. #35 at 4). This argument is absurd and easily disregarded for at least three reasons.

First, Defendant seems to have forgotten what he argued a mere two pages earlier: that the beneficiary designation carries no weight under the Plan if the Decedent is married. (Dkt. #35 at 2, ¶9). Why, then, would the Decedent go through the mechanisms to invent out of thin air a qualified beneficiary status under the Plan for Plaintiff if the condition precedent to qualify would moot the naming of a beneficiary at all? Second, many women get married and do not assume the last name of their spouse. A conditional gift hinged on marriage would not logically hinge on

5

Plaintiff's name change. Finally, there is also nothing in the law which would prohibit Plaintiff from legally changing her name to Sophie Teetsel, even absent marrying the Decedent. Suffice to say there is nothing in evidence that supports Defendant's rank speculation that this was intended to be a conditional beneficiary status, and even less logical support as to how that may even be conceivable.

For these reasons, Defendant's fanciful theory that the Plan's designation could have been intended as conditional is therefore not sufficient to defeat Plaintiff's claim for summary judgment. *See, e.g. D'Amico v. City of New York,* 132 F.3d 145, 149 (2nd Cir. 1998) (holding that the party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful."); *Marquez v. Bridgestone/Firestone, Inc.,* 353 F.3d 1037, 1038 (8th Cir. 2004) ("[a party] must substantiate her claim with more than 'speculation, conjecture, or fantasy' in order to survive summary judgment"). This theory is little more than rank speculation, inviting the Court to use its imagination alongside Defendant and proceed on to trial on an illogical misunderstanding of the factual record. This Court will decline that invitation.

It is patently clear to this Court that the Decedent intended the Plan's funds to be disbursed to the woman with whom he was long-time romantic partners and whose social security number and date of birth he supplied in response to Plan's option to name a beneficiary. Defendant's whimsical alternative explanation for his choice to do so is nonsensical and disrespects the Decedent's clear intention in an

attempt to gain a $300,000 windfall. Summary judgment is entered in favor of Plaintiff.

DATED: October 27, 2025          BY THE COURT:

_____
GAIL WEILHEIMER          J.